UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM SCIENTIFIC, INC.,

        Plaintiff,

v.                              Case No. 8:08-cv-1365-T-33TBM

GW MICRO, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Stay Litigation Pending Reexamination of the Patent-in-Suit (Doc. # 39), filed on March 30, 2009. Plaintiff filed an Opposition thereto on April 13, 2009 (Doc. # 43). Defendant, with leave of Court, filed a Reply on April 27, 2009 (Doc. # 46), and Plaintiff, with leave of Court, filed a Sur-Reply (Doc. # 51). For the reasons stated below, Defendant's Motion to Stay Litigation Pending Reexamination of the Patent-in-Suit is due to be granted.

This is a patent infringement action related to United States Patent No. 6,993,707, entitled Document Placemarker (the "'707 patent"). (Complaint, ¶¶ 3, 5 & 7). Defendant GW Micro produces assistive technology products for individuals with impaired vision. Defendant's primary product offering is Window-Eyes, a software program that takes the text displayed on a computer screen and reads it aloud. Such products are commonly known as "screen readers." Plaintiff Freedom Scientific alleges that GW Micro's

Window-Eyes product infringes upon the '707 patent. (Complaint, ¶¶ 8 & 9).

On March 27, 2009, Defendant filed a request for reexamination of the patent at issue in the case in the United States Patent and Trademark Office ("PTO").  On May 1, 2009, the PTO granted the reexamination request.  Accordingly, there is a reexamination currently pending in regard to the patent-in-suit.  The Court notes that the parties are in the initial stages of this lawsuit and have undertaken little or no discovery.

Defendant argues that because the reexamination request raises substantial new issues of patentability of all claims, the Court, in the interest of judicial economy, should stay this action pending the final resolution of that reexamination.

A district court has "'inherent power to manage [its] dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.'" Roblor Mktg. Group, Inc. v. GPS Indus., Inc., 2008 WL 5210946, *4 (S.D. Fla. Dec. 11, 2008)(quoting Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the PTO reexamination proceedings. Id.; ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Courts consider the following factors in determining whether to stay litigation pending a reexamination by the PTO: "(1) whether

a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." Baxa Corp. v. Forhealth Techs., Inc., 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006)(citing Tap Pharm. Prods., Inc. v. Atrix Labs., Inc., 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004)).

Plaintiff contends that Defendant filed its reexamination request *ex parte*, meaning that the determination of the PTO will not be binding on Defendant, and the parties will still need to litigate validity in this case after the reexamination is concluded. The Court finds, however, that there are still potential benefits weighing in favor of staying the case, including the facilitation of trial by providing the district court with the expert view of the PTO. See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983); see also Baxa, 2006 WL 4756455, *1 (stay granted where "patents-in-suit are now the subject of *ex parte* reexamination").

Plaintiff also argues that it would suffer substantial prejudice from a stay because Defendant would be free to continue selling the infringing product while the reexamination runs its course and, because the parties are competitors in the marketplace, the potential for prejudice weighs strongly against a stay. Plaintiff offers nothing in the way of evidence in support of this

argument. This Court finds that the conclusory argument, without more, is insufficient to establish undue prejudice.

After careful examination of the motion, response, replies and the applicable case law, this Court finds that a stay will not unduly prejudice or disadvantage Plaintiff; will likely simplify the issues and streamline or obviate the need for a trial; and will reduce or eliminate the burden of litigation on the parties and on this Court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Stay Litigation Pending Reexamination of the Patent-in-Suit (Doc. # 39) is granted. This action is stayed pending the conclusion of the reexamination proceedings. Plaintiff may move to lift the stay upon completion of the reexamination. Defendant is directed to file a status of the reexamination proceedings every 90 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of July, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record